ORIGINAL

CJ19 2196
Ogden

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

Arlon T. Carroll,  )
         Plaintiff, )
          )
v. )   Case No. **CJ-2019-2196**
 )   Judge _____
City of Oklahoma City, 48___ )
an Oklahoma municipal corporation, )
 )
         Defendant. )

FILED IN DISTRICT COURT OKLAHOMA COUNTY
APR 22 2019
RICK WARREN
COURT CLERK

**EXHIBIT 1**

## PETITION

Plaintiff, Arlon T. Carroll, ("Homeowner"), makes the following statements and allegations in support of his claims against Defendant, City of Oklahoma City ("the City").

### The Parties, Jurisdiction, and Venue

1. Homeowner is a resident of Oklahoma County, Oklahoma, although Homeowner is currently deployed to a foreign country as a member of the United States military.

2. The City is a municipal corporation, organized and existing under the laws of the State of Oklahoma.

3. The events which transpired that resulted in Homeowner's claims against the City, occurred in Oklahoma County, State of Oklahoma.

4. This Court has subject matter and personal jurisdiction over this matter and the parties to this case.

5. Oklahoma County is the proper venue for this litigation.

### General Facts

6. Homeowner is the owner of certain residential real property located at 8301 Northwest 85th Street, Oklahoma City, Oklahoma County, Oklahoma, also known as: Lot 22,

1

Block 14, in Northridge Addition 5, an addition to the City of Oklahoma City, Oklahoma County, State of Oklahoma ("the Property")

7. On or about May 30, 2017, the City claims that it posted a notice at the

8. On or about June 01, 2017, the City sent to Homeowner's address (2200 East Post Oak Road, Norman, Oklahoma 73072) a Notice at the Property, claiming a violation of the municipal code of the City.

## CLAIM 1

### Replevin / Conversion

9. The items characterized by the City as "trash, litter, rubble and/or debris" was in fact valuable personal property which belonged to the Homeowner. The employees of the City make no attempt to inspect the property prior to illegally taking Homeowner's personal property and removing it from the Property. Homeowner's personal property was not a violation of any municipal code of the City and posed no threat to health or safety of the public, and was not a nuisance, contrary to the notice issued by the City.

10. Without allowing Homeowner a reasonable opportunity to move the personal property, employees of the City wrongfully took Homeowner's valuable personal property and disposed of Homeowner's personal property, and taking the personal property for the City's own use or destroying the personal property.

11. Homeowner demands return of his personal property wrongfully taken by the City, or, in the alternative, the reasonable value of Homeowner's personal property as of the date it was taken by the City. As a result of the City's actions, Homeowner has been damaged in an amount to be determined at trial, but in a sum of at least $7,055.00.

## CLAIM 2

### Violation of the Servicemembers Civil Relief Act

12. At the time the City sent its notices to Homeowner and wrongfully took Homeowner's personal property, Homeowner was an actively deployed member of the United States military.

13. Homeowner informed the City numerous times of his deployment. However, the City ignored Homeowner's situation and removed Homeowner's personal property anyway, in violation of Homeowner's civil rights.

14. As a result of the City's actions, Homeowner has been damaged in an amount to be determined at trial, but in a sum which exceeds $10,000.00.

## CLAIM 3

### Declaratory Judgment

15. The City has assessed Homeowner with charges of $350.00 (mowing the Property) and $1,400.00 (removal of Homeowner's personal property). The City has made demand upon Homeowner for payment of these assessments, and the City has claimed a lien against the Property.

16. The City's action of mowing the Property was unnecessary due to the fact that Homeowner had made arrangements for a mowing company to cut the grass at the Property. Therefore, the City's claim for mowing is bogus, as the lawn at the Property did not need mowing at all.

17. The City's action of taking Homeowner's personal property was wrongful in that Homeowner's personal property was not "trash, rubble and/or debris" and was not a threat to the health or safety of the public. Therefore, the City has no reasonable basis for taking Homeowner's personal property. Further, since Homeowner was actively deployed as a member of the United

States military and the City was well aware of Homeowner's situation, the City did not give Homeowner a reasonable amount of time to relocate his personal property.

18.   Homeowner requests that the Court make a determination and declare judgment that Homeowner's personal property was not in fact "trash, litter and/or debris", as contended by the City; that Homeowner's personal property was not a threat to the health or safety of the public and did not violate any municipal code of the City; that the City's claim for mowing the Property was unnecessary because Homeowner had made arrangements for a local lawn service company to mow the lawn at the Property; that Homeowner does not owe the City for either the $350.00 for the unnecessary mowing assessment or the $1,400.00 for the wrongful removal of Homeowner's personal property.

WHEREFORE, Plaintiff, Arlon T. Carroll requests judgment in favor of Arlon T. Carroll and against the City of Oklahoma City as follows:

**Claim 1 (Replevin / Conversion):**   Homeowner demands return of his personal property wrongfully taken by the City, or, in the alternative, the reasonable value of Homeowner's personal property as of the date it was taken by the City. As a result of the City's actions, Homeowner has been damaged in an amount to be determined at trial, but in a sum of at least $7,055.00.

**Claim 2 (Violation of the Servicemembers Civil Relief Act):**   Homeowner demands damages for violation of his civil rights under the Servicemembers Civil Relief Act in an amount to be determined at trial, but in a sum which exceeds $10,000.00.

**Claim 3 (Declaratory Judgment):**   Homeowner requests that the Court make a determination and declare judgment that Homeowner's personal property was not in fact "trash, litter and/or debris", as contended by the City; that Homeowner's personal property

was not a threat to the health or safety of the public and did not violate any municipal code of the City; that the City's claim for mowing the Property was unnecessary because Homeowner had made arrangements for a local lawn service company to mow the lawn at the Property; that Homeowner does not owe the City for either the $350.00 for the unnecessary mowing assessment or the $1,400.00 for the wrongful removal of Homeowner's personal property.

**Costs and Attorney Fees:**   all the costs of this action, including attorney fees; plus interest on the full amount owed at the percentage rate allowed by law.

Respectfully submitted,

*Charles E. Wetsel*
Charles E. Wetsel, OBA #12035
Teague & Wetsel, PLLC
1741 West 33rd Street, Suite 120
Edmond, Oklahoma 73013
Telephone:   (405) 285-9200
Telecopier:   (405) 509-2362 (direct)
e-mail: cwetsel@teaguewetsel.com
Attorneys for Plaintiff,
Arlon T. Carroll